UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMERSON PINKNEY,

            Petitioner,

v.                                          Case No:  2:10-cv-744-FtM-38DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

            Respondents.

_____/

## OPINION AND ORDER[1]

Petitioner Emerson Pinkney (hereinafter "Petitioner" or "Pinkney") initiated this action proceeding *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 13, 2010, challenging his April 23, 2004 judgment of conviction in case number 03-cf-3136 entered in the Twentieth Judicial Circuit in Lee County, Florida (Doc. #1).[2]   Petitioner is proceeding on his amended petition raising 25 grounds for relief (Doc. #38 and Doc. #38-2, Amended Petition).[3] After receiving enlargements of time,

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] A jury found Petitioner guilty of manslaughter with a firearm, aggravated assault with a firearm, burglary with an assault or battery while armed, and possession of a firearm by a convicted felon.   Petition at 1; Response at 1.

[3] Due to the length of the petition, the Court's electronic filing system required that the amended petition be filed in two parts. Doc. #38 contains the first grounds for relief.

Respondent[4] filed an amended response (Doc. #62, Response) opposing the relief requested in the amended petition and attached supporting exhibits consisting of pertinent trial transcripts and postconviction records.[5]   This matter is ripe for review.

## I.   Applicable § 2254 Law

### A.   Deferential Review Required By AEDPA

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S.

---

Doc. #38-2 contains the remaining grounds for relief, starting with Petitioner's ineffective assistance of appellate counsel claims.

[4]Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."   The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas Petition."   Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).   This is "the person with the ability to produce the prisoner's body before the habeas court.'"   Id. at 435-36.   When the Petition is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."   Id. at 436 (citations omitted).   Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent.   Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).   In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.   Therefore, the Florida Attorney General will be dismissed from this action.

[5]Petitioner was provided additional time to file a reply, but his motion for leave to file excess pages in the reply (approximately 58 pages in the reply with exhibits consisting of over 200 pages) was denied as unnecessarily excessive.   See Doc. #73, #74.   Petitioner moved for reconsideration (Doc. #76), but was denied (Doc. #83).   Upon review, the Court amends its December 26, 2013 order.   The Court will accept the reply for docketing and finds the reply is necessary to adequately address the grounds for relief, including whether Ground Three is procedurally defaulted.   The Clerk is directed to docket only the reply, but not the attachments to the reply.

at 246; <u>Penry</u>, 532 U.S. at 792; <u>Davis v. Jones</u>, 506 F.3d 1325, 1331 n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.   <u>White</u>, 134 S. Ct. at 1702; <u>Carey v. Musladin</u>, 549 U.S. 70, 74 (2006) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003); <u>Ward v. Hall</u>, 592 F.3d 1144, 1155 (11th Cir. 2010).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the Petitioner's case in an objectively unreasonable manner,

Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller–El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013); Miller–El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was

unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### B.   Federal Claim Must Be Exhausted in State Court

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'"  Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).

> Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the Petitioner must fairly present every issue raised in his federal Petition to the state's highest court, either on direct appeal or on collateral review.

Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a Petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the

haystack of the state court record.'"   Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."   Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).   Under the procedural default doctrine, "[i]f the Petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . ."   Smith, 256 F.3d at 1138.   A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, a Petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.   House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).   In Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland.   Id.   In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."   Id.   Second, under exceptional circumstances, a Petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause

and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688; see also Bobby v. Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."  Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).  It is Petitioner who bears the heavy burden

to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.   A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., --- F.3d ----, 2014 WL 3747685 (11th Cir. July 31, 2014) (quoting Richter, 131 S. Ct. at 788).   "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)).   "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123).   If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a

federal court may not disturb a state court decision denying the claim.   Id. (citing Richter, 131 S. Ct. at 788).   Finally, it is well established that the Strickland standard applies to ineffective assistance of counsel claims in the plea bargaining context.   Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013) (citations omitted).

## II.   Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.   Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).   Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### A.   Trial Court's Evidentiary Rulings

Grounds One and Two both raise a claim of trial court error stemming from either the court's admission or exclusion of evidence.   In Ground One, Petitioner argues that his right to due process and a fair trial under the Fifth and Sixth Amendments was violated when the trial court admitted into evidence a former gun possession charge.   Amended Petition at 6.   Petitioner argues that introduction of such evidence constituted Williams[6] rule evidence, but the trial judge did not give the jury the Williams instruction.   Id.   In Ground Two, Petitioner argues that the trial court erred by not allowing evidence concerning a restraining order lodged against the victim by his girlfriend at the time of the

---

[6]Williams rule evidence refers to similar fact evidence of other crimes.   Fla. Stat. 90.402(2)(a).

incident (Fran Nicole Stewart Pinkney (hereinafter "Fran Pinkney")).   Id. at 8.   Petitioner asserts that the fact that the victim had a restraining order issued against him stemming from his aggressive behavior supported that the victim was in fact the aggressor in the shooting incident.   Id.

In Response, Respondent opposes relief on Grounds One and Two, asserting: federal relief does not lie for this issue involving only state law; the claim is not exhausted and now procedurally defaulted and Petitioner does not show cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural default; and, the state courts' decision was neither contrary to nor an unreasonable application of Supreme Court precedent.   Response at 27-45.

### 1.   Exhaustion and Procedural Default

The Court finds Petitioner exhausted Grounds One and Two.   Petitioner, through counsel, in his first ground for relief on direct appeal argued that the trial court committed reversible error when it permitted the prosecution to introduce evidence that Petitioner had been in possession of a different firearm prior to the date of the incident.   Exh. 2. Petitioner argued that the admission of the "unrelated collateral evidence violated the Fifth and Sixth Amendments of the United States Constitution in that Mr. Pinkney's right to due process and his right to fair trial were destroyed by admission of the evidence."   Id. at 10. Additionally, the direct appeal brief contained a claim that failure to allow evidence concerning an injunction imposed against the victim amounted to a violation of Petitioner's Sixth Amendment right because it deprived Petitioner of his right to mount a defense and deprived him of a fair trial.   Id. at 12.   Based on the foregoing, the Court finds Petitioner sufficiently apprised the state courts of the federal dimension of these claims to the state

court.   Considering these claims were sufficiently exhausted, the Court will proceed to address the merits.

### 2.   Merits

"In habeas corpus proceedings, federal courts generally do not review a state court's admission of evidence."   Sims v. Singletary, 155 F.3d 1297, 1312 (11th Cir. 1998) (citations omitted).   "We will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial."   Id. (citations omitted).   "Additionally, such trial court errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error 'had substantial and injurious effect or influence in determining the jury's verdict.'"   Id. (citations omitted).

Petitioner first challenges the trial court's evidentiary ruling concerning testimony that revealed he possessed a gun shortly before the offense occurred.   Amended Petition at 6.   At issue was testimony from Fran Pinkney,[7] who testified that she saw Petitioner with a revolver less than two weeks before the death of the victim.   Id. at 6-7. Her testimony revealed that this particular revolver was kept under Petitioner's pillow. Exh. 1, Vol. II at 337-44, 369.   Petitioner had hoped the jury would believe he had only one weapon, which was confiscated by police well before the shooting incident took place. See Exh. 2 at 8.   Consequently, the testimony from Fran Pinkney established that Petitioner had access to another revolver at the time of the incident.   In deciding to admit Fran Pinkney's testimony, the trial court found the evidence was not subject to the Williams rule and explained in pertinent part:

---

[7]Fran Pinkney was the mother of the victim's three children, was dating Petitioner at the time the shooting took place, and later married Petitioner.   See Exh. 1, Vol. II at 346-48.

> Except for the fact that [Petitioner] is a convicted felon and cannot possess a firearm, it would not be a prior bad act for the crime of manslaughter.   So I am not going to instruct them on the <u>Williams</u> rule in this matter.  I will instruct them that they cannot consider it for the possession of a firearm by a convicted felon.  That's not what it's being shown for.  But it is to show the—whatever it shows as far as him having the ability to have a revolver for the manslaughter.  I know he disagrees with that, and the testimony is going to be different and in conflict about that, but I don't think it's <u>William's</u> rule testimony.

The trial court later instructed the jury that it could not consider this testimony for the felon in possession of a firearm charge.   Exh. 1, Vol. II at 366-67.   On direct appeal, the appellate court *per curiam* affirmed the trial court's decision.   Exh. 7.

Under Florida law, similar fact evidence of other crimes, referred to as <u>Williams</u> rule evidence, "is admissible when relevant to prove a material fact in issue" such as motive, intent, preparation, or plan.   Fla. Stat. § 90.402(a).   If the state intends to rely on <u>Williams</u> rule evidence, it must give written notice to the defendant's counsel "no fewer than 10 days before trial," unless the evidence is to be "used for impeachment or on rebuttal."  Fla. Stat. § 404(2)(c)(1).   However, the failure to provide such notice is subject to harmless error analysis and is not reversible error unless the defendant establishes actual prejudice or unfair surprise.   <u>Barbee v. State</u>, 630 So.2d 655, 655-56 (Fla. 5th DCA 1994).

Evidence of other crimes that are "inextricably intertwined" with the charged offense is admissible as "relevant and inseparable part of the act" that is necessary "to adequately describe the deed."   <u>Griffin v. State</u>, 630 So. 2d 966, 968 (Fla. 1994).   This evidence is not considered <u>Williams</u> rule evidence and is not subject to the ten-day notice requirement.

Although couched in constitutional terms, Grounds One and Two challenge the trial court's specific evidentiary rulings.   These grounds are not subject to review for the reasons set forth above and because the Court may not inquire into the validity of the trial court's application of its state law.   Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1239 at 1333; Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).   The Court does not find that the trial court's rulings rendered Petitioner's entire trial fundamentally unfair so as to result in a violation of Petitioner's due process rights.   Sims, 155 F.3d at 1312.   Fran Pinkney's testimony was not the only testimony that placed Petitioner with a weapon.   Eyewitness testimony from Ms. Jones established that Pinkney (also known as "Buggy") was armed when he entered the apartment, and the victim tried to get the gun away, but fell and a struggle between Petitioner and the victim ensued.   Exh. 1, Vol. III at 493-94.   Jones testimony established that after Pinkney got up from the ground, he shot the victim in the head.   Id. In light of Jones' testimony, the gun testimony from Mrs. Pinkney did not have a substantial and injurious effect or influence on the jury's verdict.   Accordingly, Petitioner is denied relief on Ground One.

Likewise, Petitioner is denied relief on Ground Two.   The trial court's decision refusing to allow testimony about the injunction Fran Pinkney had against the victim did not have a substantial and injurious effect or influence on the jury's verdict.   The appellate court per curiam affirmed the trial court's decision.   Exh. 7.   Petitioner wanted to introduce this testimony from one witness to show the character of the victim and to support his theory of defense.   Exh. 1, Vol. I at 382.   Petitioner was still able to present evidence concerning the character of the victim and evidence supporting his self-defense

theory, without introducing evidence concerning the restraining order Mrs. Pinkney had against the victim.   See, e.g., Exh. 1, Vol. II at 382-83 (testimony from Fran Pinkney that Petitioner wanted out of relationship with her because he did not want "any trouble" from the victim); Exh. 1, Vol. III at 477 (Courtney Williams testifying among other things that her father (the victim) and Petitioner did not like each other and her father wanted to kill Petitioner); Exh, 1, Vol. III at 544-56 (Ulysses Scurry testifying that the victim and Petitioner didn't get along and testifying about an incident where he shot in the air to scare the victim away because he did not want any incident happening between the victim and Petitioner); Exh. I, Vol. III at 564, 581 (Petitioner testifying about threatening phone calls from the victim, being followed by the victim); Exh. I, Vol. IV at 606-14 (Petitioner testifying that the victim put a gun to his head when he walked through the door to Barbara Ann's house and a fight ensued).   Accordingly, Petitioner is denied relief on Ground Two.

### B.  Defense Counsel Rendered Ineffective Assistance Claims

Petitioner raises seventeen different claims of ineffective assistance of trial counsel.   See Amended Petition at 8-25, Doc. #38-1 at 1-11.   Respondent argues these claims are procedurally-barred because Petitioner's appeal from the denial of his Rule 3.850 motion was dismissed as untimely.   Response at 45-46.   Respondent further asserts that Petitioner does not show cause for his default or any reason why equitable tolling should apply.   Id. at 46.   Respondent points out that the appellate court ordered Petitioner to show cause why his appeal should not be dismissed as untimely and Petitioner never responded.   Id. at 47.   Additionally, Respondent argues Petitioner does not show prejudice or a fundamental miscarriage of justice to overcome the procedural default of these claims.   Id.

The Court agrees with Respondent that these claims were not properly exhausted and would now be procedurally defaulted under Florida law because the appellate court dismissed Petitioner's appeal as untimely.   In Florida, to properly exhaust a postconviction claim, a defendant must timely appeal the denial of postconviction relief. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Fla. R. Crim. P. 3.850 motion to exhaust remedies); LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1261 (11th Cir. 2005), cert. denied, 546 U.S. 1219 (2006) (Florida prisoner failed to properly exhaust claim on direct appeal of Rule 3,850, so it was procedurally barred).   Due to Petitioner's failure to take a proper appeal from the denial of postconviction relief, there is no longer a remedy available in state court.   The claims are, therefore, procedurally defaulted from federal review.   Bailey v. Nagle, 172 F.3d 1299, 1302-33 (11th Cir. 1999).

Petitioner raised these claims of ineffective assistance of trial counsel in a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.   The postconviction court denied all, but three of the claims, in orders issued February 29, and April 23, 2008.   An evidentiary hearing was held on March 16, 2008, after which the trial court denied relief by order issued March 23, 2010.   Exh. 38.

The record shows Petitioner did not timely appeal the denial of his Rule 3.850 motion.   Exh. 39 (order denying Petitioner's motion for rehearing).   Petitioner was ordered to show cause why his appeal should not be dismissed as untimely.   Exh. 42. After considering Petitioner's response, Exh. 43, the appellate court dismissed the appeal as untimely on June 23, 2010.   Exh. 44.

Prior to the appellate court issuing an order on Petitioner's motion for reconsideration of the dismissal as untimely, Petitioner filed a Petition for writ of mandamus in the Florida Supreme Court seeking reinstatement of his appeal.   Exh. 49. The Florida Supreme Court ultimately denied Petitioner's writ of mandamus stating in relevant part:

> Because Petitioner has failed to show a clear legal right to reinstatement of the appeal in Case No. 2D102359, he is not entitled to mandamus relief.   Accordingly the Petition for writ of mandamus is hereby denied.   See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000).

Exh. 52.   A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, Petitioner may obtain review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.   House, 547 U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190.   Second, Petitioner would have to show a fundamental miscarriage of justice.

Petitioner attempts to show "cause" asserting that he did not receive notice from the state court regarding the denial of his Rule 3.850 motion because the clerk had the wrong address.   Petition at 10; Reply at 16.   Petitioner raised this same claim that his filing was tardy due to the clerk mailing the order to the wrong address and the state courts rejected his argument by order issued April 29, 2010.   In rejecting the claim, the state court noted that Petitioner conceded receiving notice of the March 23, 2010 order on April 6, 2010.   Exh. 40 at 1.   Thus, Petitioner still had sufficient time to file a timely motion for rehearing based on when he received notice, but failed to do so.   Id.   Further, the court noted that the clerk's office mailed a copy of the order to last address of record and it remained Petitioner's responsibility to file a notice of change of address.   Id. Petitioner filed a notice of appeal on May 12, 2010.   Exh. 41.   In response to the

appellate court's order to show cause why the appeal should not be dismissed as untimely, Exh. 42, Petitioner again faulted the clerk's office for mailing the order to the wrong address.   Exh. 43.   The appellate court dismissed the appeal as untimely.   Exh. 44.   Consequently, the Court finds Petitioner has not shown cause.

Assuming *arguendo* that Petitioner's delayed receipt of the copy of the postconviction court's order denying him relief on his Rule 3.850 motion could constitute "cause," Petitioner has not shown prejudice.   Actual prejudice requires a showing that the errors at trial worked to Petitioner's actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions.   Murray v. Carrier, 477 U.S. 478, 493 (1986).   Petitioner must show a reasonable probability that the result of the trial would have been different absent the errors at issue.   Hartford v. Culliver, 459 F.3d 1193, 1200 (11th Cir. 2006).   In other words, Petitioner must show that he was denied fundamental fairness.   In reviewing the postconviction court's orders denying Petitioner relief on his ineffective assistance of trial counsel claims, the Court finds Petitioner cannot show prejudice.   See Exh. 23, 33.   Nor can Petitioner show a fundamental miscarriage of justice to overcome the procedural default of these claims.   The issue in the case boiled down to whose story the jury found more credible.   Apparently, the jury did not believe that Petitioner acted in self-defense in this case.   Ground Three and the sub-claims related thereto are dismissed as procedurally-barred.

### C.   Ineffective Assistance of Appellate Counsel Claims.

Petitioner raises six claims of ineffective assistance of appellate counsel based on arguments that Petitioner believes appellate counsel should have raised on direct appeal. See generally Amended Petition; Doc. #38-2.   In Response, Respondent concedes that

the grounds are exhausted to the extent Petitioner raised them in his Rule 9.141[8] petition in the state court.   Response at 48.

Similar to claims alleging ineffective assistance of trial counsel, the <u>Strickland</u> standard applies to ineffective assistance of appellate counsel claims.   <u>Eagle v. Linahan</u>, 279 F.3d 926, 938 (11th Cir. 2001) (citing <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir. 1987)).   When evaluating the prejudice prong of <u>Strickland</u> in relation to ineffective assistance of appellate counsel, the Court "must decide whether the arguments the [Petitioner] alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal."   <u>United States v. Nyhuis</u>, 211 F.2d 1340, 1344 (11th Cir. 2000) (citing <u>Miller v. Dugger</u>, 858 F.2d 1536, 1538 (11th Cir. 1988), <u>cert. denied</u>, 531 U.S. 1131 (2001)).   "If [a court] conclude[s] that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal."   <u>Eagle</u>, 279 F.3d at 943 (citing <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990)).   The Court will now turn to addresses each claim in turn.

### 1.  Failing to raise fundamental error in jury instructions

Petitioner argues that his appellate counsel rendered ineffective assistance for not raising, for the first time, the argument that the trial court committed reversible error in the jury instructions in count one manslaughter with a firearm, on self-defense or justifiable use of deadly force.   Amended Petition at 13 (citing transcript p. 761, lines 11-13).   Petitioner argues that these instructions had an effect on the entire trial, especially in

---

[8]Florida Rule of Appellate Procedure 9.141 requires that an ineffective assistance of appellate counsel claim be raised in a Petition filed in the appellate court.

count three concerning the burglary with assault charge.   Petition at 13-14.   In Response, Respondent points out that when the postconviction court addressed this claim in the context of an ineffective assistance of trial counsel claim, the court reasonably interpreted the claim as raising an issue concerning only state law, and its finding of no fundamental error is entitled to deference.   See Response at 50-51 (citing Will v. Sec'y Dept' of Corr., 278 F. App'x 902, 908 (11th Cir. 2008) (arguing when ineffective assistance of counsel claim is a federal constitutional claim, when the validity of the claim that counsel failed to assert is clearly a question of state law, the Court defers to the state's construction of its own law)); see also Exh. 23 (post-conviction court addressing this particular jury instruction in context of ineffective assistance of trial counsel claim).

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (a) in the brief) filed in the appellate court. Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   The instruction given to the jury included the following language:

> However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
>
> 1.   Emerson Pinkney was attempting to commit, or committing or escaping after the commission of manslaughter with a firearm:
>
> 2.   Emerson Pinkney initially provoked if [sic] use of force against himself, unless:

> (a)   The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape danger, other than using force likely to cause death or great bodily harm to Roy Williams.

Exh. 1, Vol. V at 761.   Significantly, both trial counsel and appellate counsel found no error in this jury instruction.   As noted by the postconviction court, the instruction mirrors the standard jury instruction included in the Florida Statutory Jury Instruction (Crim.) 3.6(f) Justifiable Use of Deadly Force.   This Court also finds the instruction constitutionally acceptable.   Appellate counsel's failure to raise the instant claim does not amount to ineffective assistance of counsel because he cannot be faulted for raising a meritless issue.   Diaz v. Sec'y Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).   Therefore, Ground Four sub-claim (a) is denied.

### 2.   Failing to raise fundamental error regarding reasonable doubt instruction

Petitioner argues that the reasonable doubt instruction were not complete or accurate because the court erroneously omitted the word "not."   Amended Petition at 14. Petitioner faults appellate counsel for not raising this claim on direct appeal because it constitutes fundamental error.   Id.   In Response, Respondent notes that Petitioner relies only upon the court reporter's transcription of the instructions given to the jury; and, points out that Petitioner does not allege that the written instruction also contained the same error.   Response at 52.   Respondent, nevertheless, maintains that the instruction adequately conveyed to the jury that it must find Petitioner not guilty if the jurors had reasonable doubt when reviewing the instructions in context and in its entirety.   Id. at 53.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (b) in the brief) filed in the appellate court.

Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of <u>Strickland</u>.   The transcript does reflect one sentence where the word "not" was inadvertently omitted.   Whether the error was merely a court reporting transcription error, or whether the judge inadvertently skipped the "not" when reading the instruction, is irrelevant because the context of the instruction clearly relayed to the jury that if they had a reasonable doubt, they needed to find Petitioner not guilty.   <u>See</u> Exh. 1, Vol. V at 778 ("If you have *no reasonable doubt*, you should find the defendant guilty.") (emphasis added).   Additionally, defense counsel during closing argument discussed reasonable doubt.   <u>Id.</u> at 785-86.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (b).

### 3.   Failing to raise claim concerning lack of cautionary instruction at close of evidence

Petitioner argues that appellate counsel rendered ineffective assistance for not raising on appeal the issue that the trial court forgot to give a "cautionary instruction" at the close of Fran Pinkney's testimony.   [Doc. #38-2 at 2](Doc. #38-2 at 2).   Respondent opposes this ground for relief, noting that the trial court <u>did</u> give a cautionary instruction that Fran Pinkney's testimony concerning the revolver could not be considered for purposes of the charge of felon in possession of a firearm.   Response at 54.   Respondent points out that Petitioner apparently faults the timing of the cautionary instruction, not whether the instruction was provided.   <u>Id.</u>   Respondent argues that trial counsel did not preserve this

claim at trial for appellate counsel to raise on direct appeal.  Id. at 54-55.   Respondent further argues appellate counsel's performance satisfied Strickland.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground c in the brief) filed in the appellate court. Exh. 11.   After a response from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   As discussed supra in Ground One, Fran Pinkney testified that Petitioner had a revolver that he kept under his pillow.   The state had hoped her testimony would place Petitioner with the weapon used during the incident considering another weapon of Petitioner's was confiscated.   Defense counsel maintained that the weapon Fran Pinkney was referencing was the same weapon that was confiscated.   The concern over the testimony was that the jury would consider the statement to find Petitioner guilty of the felon in possession of a firearm charge.   Fran Pinkney's testimony did not go as the State thought it would go based on her deposition testimony.   The state ended up withdrawing the question.   See Exh. 1, Vol. II at 366-71.   Nevertheless, the trial judge did caution the jury as follows prior to the start of the questioning:

> All right, I need to explain something to you all.   This is in regard to this next testimony.   There is going to be some testimony about a revolver.   I don't know exactly what it's going to be. One of the charges in this case is . . . Possession of a Firearm By Convicted Felon.   That's on a specific date. This information is not about that, and so you will not—this is used for whatever purpose you decide to use it for, but you can't use this information as the basis for a conviction for Possession of a Firearm By Convicted Felon because that's not what he was charged with in this instance.   This is just

> some background information. So you have to make that distinction in your mind and not use that for this—use it only for purposes of fitting into what he wants you to fit it into, if you decide to do that.   Not for a conviction for that because it's not being offered for evidence to prove that he was a convicted felon and had a firearm.

Id. at 367.   During sidebar the judge explained he thought it was best to give the cautionary instruction before the questioning began so the jury would remember it clearly. Id. at 342.   Defense counsel requested that the instruction be given before and after the testimony, but the judge said "we'll consider that at that time."   Id.   Apparently when the state withdrew the question, defense counsel found no need for another cautionary instruction at the conclusion of Fran Pinkney's testimony.   Nevertheless, the record refutes Petitioner's claim that the trial court "forgot" to give the cautionary instruction at the end of Fran Pinkney's testimony.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (c).

### 4.   Failing to raise issue with jury instruction on burglary

Petitioner faults appellate counsel for not raising a claim concerning the language in the jury instruction on burglary.   Doc. #38-2 at 3.   Specifically, Petitioner believes the language "remaining in" should have been omitted.   Id.   Petitioner asserts that there was evidence that showed that he did not "unlawfully enter" the residence.   Id.   Petitioner believes that the "remaining in" language confused the jury and lead them to believe that they could find him guilty even if he did not enter with a criminal intent.   Id. at 3-4.   In response, Respondent asserts that Petitioner's underlying issue—the language in the jury instruction—involves only a matter of state law; and, the state court's silent denial of this claim answers what the state would have done had appellate counsel raised the claim. Response at 56-57.   Moreover, Respondent argues that Petitioner's assertions of

"implied consent" to enter were refuted by the state's evidence showing that Petitioner entered the residence with a weapon.   This evidence revealed that Petitioner had formed the requisite intent by the time he entered the residence.   Thus, it is unlikely appellate counsel would have been successful if counsel had challenged the "remaining in" language on appeal.   Id. at 57.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (e) in the brief) filed in the appellate court. Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   The postconviction court noted that the trial court used the standard jury instruction for burglary.   Exh. 23 at 10.   Moreover, the "remaining in" language was surplusage based on the facts in this case.   Evidence introduced during trial revealed that Petitioner entered the residence with a gun drawn, threatened those inside the residence, and then scuffled with the victim before ultimately shooting him. See generally Exh. 1, Vol. I-IV.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (d).

### 5.   Failing to raise insufficient evidence to sustain a burglary conviction claim

Petitioner argues that appellate counsel rendered ineffective assistance by not raising the claim that there was insufficient evidence to support a burglary conviction. Doc. #38-2 at 5.   Petitioner asserts that a conviction that stands on insufficient evidence constitutes a fundamental error, which can be raised on direct appeal without having been

preserved by trial counsel.   Id.   In Response, Respondent, *inter alia*, points to the evidence introduced from the state that showed Petitioner did not have consent to enter the residence, and that he entered the residence while armed.   Response at 59.   Thus, Respondent argues that the state court's decision was reasonable.   Id.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (f) in the brief) filed in the appellate court. Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   Petitioner maintained at trial that he entered the residence with implied consent.   Evidence introduced by the state showed otherwise.   The jury weighed the credibility of the witnesses and found Petitioner guilty as charged.   Appellate counsel cannot be faulted for failing to raise a meritless issue.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (e).

### 6.   Failing to raise a Brady violation and tampering with evidence

Petitioner claims that he notified appellate counsel that he believed evidence was tampered with, but appellate counsel took no action.   Doc. #38-2 at 7.   Petitioner asserts that the prosecutor did not comply with his demands for discovery.   Id.   In Response, Respondent notes that Petitioner argued in his Rule 9.141 state Petition that he had discovered that there was an envelope that contained the victim's fingernail clippings and an envelope containing the victim's hair from his head, which had been submitted to FDLE.   Response at 60.   Alleging that the victim's hair was shaved around the entry

wound to test for soot, Petitioner asserted that FDLE in its report made no mention of nail clippings or the victim's hair.  Id. (citing Exh. 11 at 7-8).   Respondent asserts that the state court's denial of this claim was not unreasonable because Petitioner never set forth a basis for concluding that the state suppressed the nail clippings or hair taken from the victim.  Id.  Petitioner does not deny that he was not aware of the evidence.  Id. Further, Petitioner does not explain how this evidence was favorable. Id. at 61.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (g) in the brief) filed in the appellate court. Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   Appellate counsel's performance cannot be deemed deficient because there was no Brady violation.   To establish a Brady violation, the defendant must prove that: (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material."   LeCroy v. Sec'y Fla. Dep't of Corr., 421 F.3d 1237, 1268 (11th Cir. 2005)(citations omitted).   Evidence is material so as to establish prejudice only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.   A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."   Gary v. Hall, 558 F.3d 1229, 1255 (11th Cir. 2009).   The miscellaneous reports and evidence Petitioner

references do not support an ineffective assistance of appellate counsel claim.   In this case, there were eyewitnesses to the shooting.   Petitioner presented his self-defense theory to the jury and they found him guilty.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (f).

### (**7**)   **Failing to raise constructive amendment to information on first degree felony murder**

Petitioner argues that appellate counsel rendered deficient performance by not raising the claim that the information was constructively amended.   Doc. #38-2 at 9. Petitioner states that he was charged by information with manslaughter with a firearm and aggravated assault with a firearm.   Id.   Thereafter, a second information was filed charging manslaughter with a firearm as an underlying offense of burglary.   Id. at 9-10. Petitioner claims that the second information permitted his prosecution under the theory of felony murder, which he argues was improper.   Id. at 10.   In Response, Respondent asserts that Petitioner did not preserve these arguments for review.   Response at 62. Respondent believes that Petitioner mistakenly bases his argument on federal law that addresses expansion of a federal indictment based on the jury instructions given.   Id. at 62-63.   Respondent explains that the requirements for a federal grand jury indictment are different from Petitioner's state prosecution.   Id. at 63.   Instead, under Florida law, the state is not precluded from amending the charging document, even during trial, to conform with the evidence, absent a showing of prejudice to the substantial rights of the defendant.   Id.

Petitioner raised this claim of ineffective assistance of appellate counsel in a petition for writ of habeas corpus (as ground (i) in the brief) filed in the appellate court.

Exh. 11.   After briefing from the state, Exh. 13, the appellate court summarily denied the Petition without further elaboration, Exh. 15.

The Court finds the state court's order denying Petitioner relief on his ineffective assistance of appellate counsel claim is neither contrary to nor an unreasonable application of Strickland.   The Fifth Amendment protection given to grand jury indictments when they are constructively amended is inapplicable to Petitioner's state prosecution.   Moreover, the record in this case reveals that Petitioner was properly tried on the amended information and the jury was properly instructed.   The jury instruction on burglary reads as follows:   at the time of entering or remaining in the dwelling Emerson Pinkney had the fully formed, conscious intent to commit the offense of manslaughter and/or assault and/or battery.   Accordingly, Petitioner is denied relief on Ground Four sub-claim (g).

### (8)   Failing to raise "legally adequate theory"

Petitioner, using conclusory language, asserts that appellate counsel rendered in effective assistance by failing "to raise legally adequate theory."   Doc. #38-2 at 11. Immediately underneath the sub-claim, Petitioner "requests that Grounds (I) and (J) be consolidated." [9] To the extent sub-claim (h) is related to Petitioner's constructive amendment of the charging document claim set forth in sub-claim (g), the Court has denied relief on this claim.   Petitioner's reply does not clarify the instant sub-claim.   See Reply at 55.   In Response, Respondent notes that this ground does not comply with Rule 2(c)-(d) of the Rules Governing Section 2254 Cases, which requires fact pleading as

---

[9]Due to Petitioner abandoning certain sub-claims, the sub-claims were re-lettered. As re-lettered, Petitioner requests that the Court consolidate sub-claim (h) herein with sub-claim (g).

opposed to notice pleading.   Response at 65.   Consequently, Respondent argues that the Court should dismiss this this sub-claim.   <u>Id.</u> at 65-66.   Additionally, Respondent argues that the state court reasonably rejected Petitioner's claim.   <u>Id.</u> at 66.

The Court agrees with Respondent that sub-claim (h) does not comply with Rule 2 of the Rules Governing Section 2254 Cases because it is conclusory and does not contain sufficient facts.   To the extent Petitioner faults appellate counsel's strategy, appellate counsel is permitted to winnow out weaker arguments from an appellate brief. <u>Smith v. Robbins</u>, 528 U.S. 259, 765 (2000); <u>Smith v. Murray</u>, 477 U.S. 527 (1986); <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983).   On direct appeal, appellate counsel raised the following three arguments: (1) trial court committed reversible error when it permitted the prosecution to introduce evidence that that the appellant had been in possession of a different firearm prior to the date of this incident; (2) trial court committed reversible error when it denied appellant the right to introduce evidence that when Ms. Stewart [–Pinkney] broke up with Mr. Williams [the victim], that she had to obtain a restraining order against Mr. Williams because of   Mr. Williams' violent conduct towards her; and (3) in light of prior evidentiary errors and the close nature of the evidence against appellant, the prosecutor's improper closing arguments amounted to reversible error.   <u>See</u> Exh. 2. Although Petitioner wishes that appellate counsel raised the additional six arguments discussed above, the Court has determined that the state court's decision to deny Petitioner relief on these claims was not contrary to or an unreasonable application of <u>Strickland</u>.   Consequently, Petitioner is denied relief on Ground Four sub-claim (h).

### C.   Prosecutorial Misconduct Claim

In Ground Five, Petitioner argues that the prosecutor's misconduct related to a discovery request violated his Fifth, Sixth, and Fourteenth Amendment rights. Doc. #38-2 at 13-14.   Petitioner argues that the prosecutor violated his duty to disclose evidence under Florida Rule of Criminal Procedure 3.220(J) by not responding to his motion demanding additional discovery dated February 14, 2010.   Id. at 13.   Respondent concedes that the petition was timely filed, but submits that Petitioner's fifth ground for relief raised in the amended petition is untimely.   Response at 2-3.   Respondent also argues that Ground Five does not raise a claim subject to review in a federal habeas proceeding and that the claim is unexhausted and procedurally defaulted.   Id. at 66-68.

The Court agrees with Respondent that Ground Five is time-barred.   The statute of limitations that governs the filing of Petitioner's petition and amended petition is set forth at 28 U.S.C. § 2244(d), which provides in relevant part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d).   Here, on December 9, 2010, when Petitioner filed the initial petition, the federal limitations period had run for 340 days.   See Doc. #37 at 4-5. However, it was not until August 4, 2011, that Petitioner's "Fifth Ground" for relief was first raised in his amended petition.   This was well after the federal limitations period expired, and the ground is untimely, since the filing of Petitioner's initial petition does not toll the one-year limitation period.   Duncan v. Walker, 533 U.S. 167, 172 (2001).

Ground Five can only be deemed timely if it relates back to the claims raised in the initial Petition.[10]   Fed. R. Civ. P. 15(c).   Respondent submits that this new ground for relief does not relate back to the other grounds for relief identified in the petition. Response at 2-3.   Petitioner previously maintained that Ground Five relates back to sub-claim S of Ground Three in his initial Petition, Doc. #37, but does not address Respondent's argument in his reply.

In pertinent part, Federal Rule of Civil Procedure 15(c)(2) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading."   The terms conduct, transaction, or occurrence are not synonymous with trial, conviction, or sentence.   See Mayle v. Felix, 545 U.S. 644 (2005).   In other words, the fact that a claim relates back to a Petitioner's trial, conviction, or sentence is not determinative of whether the relation back doctrine is satisfied.   Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).   Rather, the test for determining whether a new claim relates back to an original claim is whether the claim is "tied to a common core of operative facts."   Mayle, 544 U.S. at 644.   This is consistent with the factual specificity requirement set forth in Habeas Corpus Rule 2(c), which apprises Petitioners that "[t]he Petition must . . . specify all the grounds for relief . . . [and] state the facts supporting each ground."   Mayle, 544 U.S. at 661.   Thus, relation back is only appropriate "when the claims added by amendment

---

[10]Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure to habeas proceedings "to the extent that are not inconsistent with any statutory provisions or [the habeas] rules."   See also Fed. R. Civ. P. 81(a)(4).   Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."   28 U.S.C. § 2242.

arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 658 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); accord Davenport v. United States, 217 F.3d at 1344 (rejecting a generalized application of the relation back doctrine and expressly adopting the factually specific test set forth in Craycraft, Id.)).   Rule 15(c)(2) is "to be used for a relatively narrow purpose" and is not intended "to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts."   Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003).

Petitioner's newly raised claim concerning prosecutorial misconduct is wholly unrelated to the other claims raised in the initial Petition.   It is removed in time, and unquestionably raises a different type of claim than those advanced in the initial petition. Thus, the Court dismisses Ground Five as time-barred.   Even if Ground Five was not time-barred, the claim is procedurally defaulted because Petitioner raised this claim in a successive Rule 3.850, which the post-conviction court dismissed as successive and untimely.   Accordingly, the Court dismisses Ground Five as time-barred, or in the alternative as procedurally defaulted.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Florida Attorney General is **DISMISSED** as a named Respondent.

2.   The Clerk of Court shall docket Petitioner's reply.   See supra at n.5.

3.   The Petition for Writ of Habeas Corpus (Doc. #38) is **DENIED**.   Grounds One, Two, and Four are **DENIED** with prejudice.   Ground Three and all sub-claims related

thereto are **DISMISSED** as procedurally defaulted.   Ground Five is **DISMISSED** as time-barred.

4.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either Petition.   A prisoner seeking to appeal a district court's final order denying his Petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of September, 2014.

*Sheri Polster Chappell*
**SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE**

SA: alr
Copies: All Parties of Record